IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07-cr-307-MEF |
| ) | |
| EARNEST BATTLE ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:        Donnie W. Bethel

ASSISTANT U.S. ATTORNEY:        Jerusha T. Adams

**COUNT AND STATUTE CHARGED**

Count 1:    18 U.S.C. § 922(g)(1)
            Convicted Felon in Possession of a Firearm

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**

Count 1:    18 U.S.C. § 922(g)(1)
            Convicted Felon in Possession of a Firearm

**STATUTORY MAXIMUM PENALTIES**

Count 1:    18 U.S.C. § 922(g)(1)

A term of imprisonment of not more than ten years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

**ELEMENTS OF THE OFFENSE**

Count 1:    18 U.S.C. § 922(g)(1)

> First:    That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and
>
> Second:   That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

* * * * * * * * * * * * * * * * * * * * * * *  * * * * * * * * * * * * * * * * * * * * * * *

Jerusha T. Adams, Assistant United States Attorney, and Donnie W. Bethel, attorney for the defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(C), have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects. The plea is being submitted to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial. If the Court accepts this agreement, however and the defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1.   Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the United States will do the following:

   a.   The United States will agree that a 2-level decrease in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as between the date of this agreement and the date of sentencing, the defendant does not obstruct justice, commit any new federal or state offense, or otherwise fail to accept responsibility for the offense conduct. Should the United States find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the United States will move at sentencing for a

further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

      b.    The United States will agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a sentence within the advisory Guideline range as determined by the Court is the appropriate disposition of this case.

      c.    The United States will agree that, if the defendant is determined to qualify as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), the defendant may withdraw his plea of guilty.

2.    The United States makes no representation regarding the defendant's criminal history category which will be determined solely by the United States Probation Office.

3.    The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

4.    The United States agrees that the defendant shall have the opportunity to argue to the Court for a variance at sentencing.

## **DEFENDANT'S PROVISIONS**

5.    The defendant agrees with paragraphs 1 through 4 of the United States' provisions and further agrees to the following:

      a.    To plead guilty to Count 1 of the Indictment.

      b.    To forfeit to the United States any and all firearms and ammunition in his possession.

  c. To not commit state, federal, or local crimes.

  d. To waive appeal and collateral attack as detailed below.

## FACTUAL BASIS

6. The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 in the Indictment. Specifically, the defendant admits the following to be true and correct:

  a. Defendant was convicted of the following felony offenses on April 3, 1986, in the Circuit Court of Montgomery County, Alabama: (i) Theft of Property 1st (CC-86-176), (ii) Burglary 3rd (CC-86-177), and (iii) Burglary 3rd (CC-86-179).

  b. Defendant was also convicted of the following felony offenses on March 8, 1991, in the Circuit Court of Montgomery County, Alabama: (i) Burglary 3rd (CC-91-260), and (ii) Theft of Property 2nd (CC-91-261).

  c. On or about February 4, 2007, in Montgomery County, Alabama, Defendant knowingly possessed two firearms, namely, a loaded Harrington and Richardson, Model 929, .22 Caliber Revolver, and a loaded Taurus, .38 Caliber Revolver.

  d. Defendant stipulates that said firearms traveled in interstate commerce.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

7. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the

defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

8.   In return for the above waiver by the defendant, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

### APPLICATION OF SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

9.   It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing

guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands that the Court will consider the factors enumerated in Title 18, United States Code, Section 3553(a), in imposing a sentence. Specifically, the Court will consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines;

(5) any pertinent policy statement – (A) issued by the Sentencing Commission subject to any amendments made to such policy statement by act of Congress; and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

10.    The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.    The discussions between the attorney for the United States and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.    Other than as provided for under Fed. R. Crim. P. 11(c)(1)(C), the defendant acknowledges that a breach of this Plea Agreement by the defendant, to include committing another

federal, state, or local offense prior to sentencing on the pending charges, will not entitle him to withdraw his guilty plea in this case. The defendant understands and acknowledges that the defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

  c. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the United States any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

  d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  f. The defendant further understands that in entering a plea of guilty herein, the

Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

    h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    i. The defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the respective Court.

    j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of

counsel.

      k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    11.    The undersigned attorneys for the United States and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Fed. R. Crim. P. 11. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    12.    The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined

by the court may differ from that projected by the defendant's counsel or the United States Attorney.

This 24th day of March, 2008.

                                  Respectfully submitted,

                                  LEURA G. CANARY
                                  UNITED STATES ATTORNEY

                                  Louis V. Franklin, Sr.
                                  Chief, Criminal Division
                                  Post Office Box 197
                                  Montgomery, Alabama 36101

                                  Jerusha T. Adams
                                  Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, <u>DONNIE W. BETHEL</u>.

_____
Earnest Battle
Defendant

3-24-08
_____
Date

_____
Donnie W. Bethel
Attorney for the Defendant

24 Mar 08
_____
Date